■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ULYSSES McGHEE, Appellant. [605 NYS2d 114] —Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered September 6, 1991, convicting him of robbery in the first degree and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that the People failed to prove his identity as the perpetrator of the crimes of robbery in the first degree and grand larceny in the fourth degree beyond a reasonable doubt in this one eyewitness case. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Specifically, the evidence established the identity of the defendant as the perpetrator of the gunpoint robbery and larceny committed in the complainant's taxicab during the early morning hours of October 4, 1989. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The record shows that the area where the defendant was waiting for the taxicab was well-lit, enabling the complainant to get a good look at the defendant as he approached and entered the taxicab. The defendant's destination was another well-lit area, and the complainant turned and faced him in close proximity of the taxicab as he handed the defendant his change. After the robbery, the complainant was able to provide the police with a detailed description of his assailant, including information about his physical appearance and the clothing he was wearing. One item of the assailant's clothing described by the complainant was a distinct light blue hat with a brim and dark blue band that was subsequently recovered from the person of the defendant, providing further evidence of his connection to the crimes. Furthermore, the complainant was able to spontaneously identify the defendant on the street five months after the robbery.

The defendant's remaining contentions lack merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.